UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD GERENZA, | : | NO. 1:24-CV-00154 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | (CAMONI, M.J.) |
| FRANK BISIGNANO,[1] | : | |
| *Commissioner of Social Security*, | : | |
| Defendant. | : | |

### MEMORANDUM OPINION

This is an action brought under 42 U.S.C. § 1383(c)(3), seeking judicial review of the final decision of the Commissioner of Social Security denying Plaintiff Richard Gerenza's claim for disability and disability insurance benefits under Title II of the Social Security Act. The Court has jurisdiction to review this matter pursuant to 42 U.S.C. § 1383(c)(3) (incorporating 42 U.S.C. § 405(g) by reference). For the reasons stated herein, the Court affirms the decision of the commissioner.

---

[1] Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano should be substituted as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

I. **BACKGROUND**

    A. **Procedural History**

On February 22, 2022, Gerenza applied for disability benefits, alleging disability beginning March 18, 2020. Transcript, Doc. 10-5 at 2. Following an initial denial, Gerenza submitted an appeal, requesting a hearing before an Administrative Law Judge (ALJ). Doc. 10-4 at 19. The ALJ conducted the hearing and determined that Gerenza is not disabled. Doc. 10-2 at 25, 40.

Gerenza filed a request for review of the ALJ's decision, which the Appeals Council denied. *Id.* at 2. The ALJ's decision, therefore, became the final decision of the Commissioner. 42 U.S.C. § 405 (g). Pending before this Court is Gerenza's action seeking judicial review of the Commissioner's decision. Complaint, Doc. 1. This case is fully briefed (docs. 11, 13, 14) and ripe for resolution. The parties consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, including entry of final judgment. Consent Form, Doc. 7.

## B.   The Disability Determination Process

To receive disability benefits under the Social Security Act ("Act"), a claimant must be unable to "engage in any substantial gainful activity by reason of any medically determinable . . . impairment which can . . . result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Under the Act, a claimant is disabled "only if his . . . impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." § 423(d)(2)(A). An impairment is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." § 423(d)(3).

Social Security regulations provide a "five-step sequential evaluation process" to determine if a claimant is disabled. 20 C.F.R. § 404.1520(a)(4). The claimant bears the burden of persuasion through step four, while at step five, the burden shifts to the Secretary to show that the claimant can perform substantial gainful employment other

than the claimant's past relevant work. *Williams v. Sullivan*, 970 F.2d 1178, 1181 (3d Cir. 1992), citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987)).

At the first step, the claimant must establish that he has not engaged in substantial gainful activity since the onset of the alleged disability. *See* § 404.1520(a)(4)(i). At the second step, claimant must establish that he suffers from a "severe medically determinable . . . impairment that meets the duration requirement . . . ("impairment . . . must have lasted or must be expected to last for a continuous period of at least 12 months")." § 404.1520(a)(4)(ii). At the third step, the claimant must provide evidence that his impairment "meets or equals one of our listings in appendix 1." § 404.1520(a)(4)(iii). If the claimant demonstrates his impairments meet those listings, he is considered to be disabled. *See id.*; § 404.1520(d). If he cannot establish severity of impairment at the third step, the eligibility analysis proceeds to step four in which the ALJ determines whether the claimant's residual functional capacity ("RFC") allows the claimant to continue his previous employment. § 404.1520(a)(4)(iv). RFC "is the most [a claimant] can still do despite" impairments. § 404.1545(a)(1). To prevail on step four, claimant's

"impairment(s) must prevent [him] from doing . . . past relevant work." § 404.1520(f). At the fifth step, the Commissioner bears the burden to demonstrate that the claimant's RFC and his "age, education, and work experience . . . [allows] adjustment to other work." § 404.1520(a)(4)(v). If the Commissioner cannot satisfy this burden, the claimant's claim is granted. *See* § 404.1520(g).

### C.   The ALJ's Decision

Here, the ALJ determined that Gerenza "has not been under a disability, . . . from March 18, 2020, through the date of this decision." Doc. 10-2 at 25.   The ALJ reached this conclusion after proceeding through the five-step sequential analysis required by the Social Security Act. § 404.1520(a)(4)(i)–(v); *see* Doc. 10-2 at 13-25.

At step one, the ALJ determined that Gerenza "has not engaged in substantial gainful activity since March 18, 2020, the alleged onset date," of disability. Doc. 10-2 at 13. At step two, the ALJ found that Gerenza has the following severe impairments: bipolar I disorder; schizoaffective disorder; generalized anxiety disorder; and major depressive disorder. *Id.* at 13. At step three, the ALJ determined that Gerenza "does not have an impairment or combination of impairments that meets or medically

equals the severity of one of the listed impairments in" 20 C.F.R. part 404, subpart P, appendix 1. *Id.* at 14.

Between steps three and four, the ALJ found that Gerenza has the following RFC:

> [T]o perform a full range of work at all exertional levels but with the following non-exertional limitations: the claimant could understand, retain, and carry out simple instructions with occasional workplace changes. He would be capable of occasional decision-making with respect to work related activities. He should avoid interaction with the public, except for incidental contact, such as providing directions to a restroom or a department in a larger facility. He could engage in occasional interaction with co-workers and supervisors, but should avoid occupations that involve group, team, or tandem work activities.

*Id.* at 16.

At step four, the ALJ determined that Gerenza "is unable to perform any past relevant work." *Id.* at 23. At the fifth and final step, the ALJ denied Gerenza's disability claims because, after considering his "age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that the claimant can perform." *Id.* at 24.

### D. Issues on Appeal

Gerenza raises two issues on appeal:

 (1) Whether the ALJ erred by creating a deficient RFC that did not account for the moderate limitations in concentration, persistence, and pace, that the ALJ found were present?

 (2) Whether the ALJ erred by failing to resolve an apparent conflict between the reasoning level requirements of the jobs he found that Plaintiff can perform at step five and Plaintiff's limitation to "understand, retain, and carry out simple instructions"?

Pl.'s Br., Doc. 11 at 12. In essence, Gerenza argues that the ALJ failed: (1) to properly determine Gerenza's RFC limitations; and (2) to properly identify jobs that align with the RFC determination. *See id.* at 10, 13. The Court, adhering to the deferential standard of review outlined below, affirms the decision of the Commissioner.

## II. LEGAL STANDARD

In reviewing the Commissioner's final decision denying a claimant's application for benefits, the Court is limited to determining whether the findings of the final decision-maker are supported by substantial evidence in the record. *See* 42 U.S.C. § 1383(c)(3) (incorporating 42 U.S.C. § 405(g) by reference); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008); *Ficca v. Astrue*, 901 F. Supp. 2d 533, 536 (M.D. Pa. 2012). Under the substantial-evidence standard, a court examines an

existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019). Substantial evidence does not mean a large or considerable amount of evidence, but rather "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 103; *see also Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Substantial evidence is less than a preponderance of the evidence but more than a mere scintilla. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A single piece of evidence is not substantial evidence if the ALJ ignores countervailing evidence or fails to resolve a conflict created by the evidence. *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993). In an adequately developed factual record, however, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966). "In determining if the Commissioner's decision is supported by substantial evidence the court must scrutinize the record as a whole." *Leslie v. Barnhart*, 304 F. Supp. 2d 623, 627 (M.D. Pa. 2003). In reviewing the

record for substantial evidence, "[n]either the district court nor [the Third Circuit] is empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams*, 970 F.2d at 1182. To reverse the ALJ's findings and decision, the Court "must find that the evidence not only supports [a contrary] conclusion but compels it." *Immigr. & Naturalization Serv. v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992).

The question before the Court, therefore, is not whether Gerenza is disabled, but whether the Commissioner's finding that Gerenza is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *See Arnold v. Colvin*, No. 12-2417, 2014 WL 940205, at *1 (M.D. Pa. Mar. 11, 2014) ("[I]t has been held that an ALJ's errors of law denote a lack of substantial evidence."); *Burton v. Schweiker*, 512 F. Supp. 913, 914 (W.D. Pa. 1981) ("The [Commissioner]'s determination as to the status of a claim requires the correct application of the law to the facts."); *see also Wright v. Sullivan*, 900 F.2d 675, 678 (3d Cir. 1990) (noting that the scope of review on legal matters is plenary); *Ficca*, 901 F. Supp. 2d at 536 ("[T]he court has plenary review of all legal issues decided by the Commissioner."). In determining that question, the Court must evaluate

whether the ALJ's decision meets the burden of articulation necessary to enable judicial review; that is, the ALJ must articulate the reasons for his decision beyond stating bare conclusions. *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000).

### III. DISCUSSION

Gerenza challenges the ALJ's RFC determination on two grounds: (1) the ALJ deficiently crafted his RFC by failing to account "for the moderate limitations in concentration, persistence, and pace that the ALJ found were present at step three;" and (2) the ALJ failed to resolve a conflict between the ALJ's RFC determination which limited Gerenza to "understand, retain, and carry out simple instructions," with the jobs the vocational expert provided. Doc. 11 at 13, 16. The Court addresses each argument in turn.

**A.   The ALJ's RFC determination is supported by substantial evidence.**

In *Hess v. Commissioner Social Security*, 931 F.3d 198, 208 (3d Cir. 2019), the Court of Appeals for the Third Circuit confronted a nearly identical argument and factual circumstances as those presented here. Applying *Hess*, the Court finds that Gerenza's first argument fails.

> *1.   Functional limitation findings do not require particular language to appear in the statement of the limitation.*

Gerenza contends that the "RFC does not contain any limitations accounting for moderate limitations in concentration, persistence, and pace." Doc. 11 at 13; *see* Pl.'s Reply Br., Doc. 14 at 3 ("ALJ . . . did not appear to include any corresponding limitations in Plaintiff's RFC."). But the ALJ need not add specific words from a step three finding to his RFC determination.

In *Hess*, the Third Circuit held that RFC "functional limitation findings do not require particular language to appear in the statement of the limitation." 931 F.3d at 208 (citation modified). The *Hess* court explained:

> Additionally, and perhaps more importantly, social security regulations permit, and indeed require, an ALJ to offer "a narrative discussion describing how the evidence supports each" limitation at step four of the disability analysis. That suggests a wide range of limitation language is permissible, regardless of what the ALJ found at earlier steps of the analysis, *so long as the chosen limitation language is explained.*

*Id.* at 209 (emphasis added), quoting SSR 96-8p, 1996 WL 375184, at *7. The test, therefore, is not whether the ALJ directly references the language of the "moderate limitation" found at step three in the RFC

assessment or in the hypotheticals posed to the vocational expert. Instead, the ALJ's step three findings "need only be 'adequately conveyed' in the ALJ's statement of the limitation, not recited verbatim." *Id.* at 210, citing *Ramirez v. Barnhart*, 372 F.3d 546, 552, 554 (3d Cir. 2004). Here, the ALJ's step three findings were adequately conveyed in the statement of the limitation through the ALJ's "narrative discussion describing how the evidence supports each" limitation. Doc. 10-2 at 16; *Hess*, 931 F.3d at 209.

> 2. *By providing a valid explanation, the ALJ has adequately conveyed Gerenza's moderate difficulties in concentration, persistence, or pace.*

Gerenza tries to distinguish *Hess* by arguing that the ALJ in this case failed to provide a valid explanation. Doc. 14 at 4. Specifically, Gerenza argues that the ALJ only provided "a conclusory statement" which "is insufficient to review why the ALJ believed that this [RFC] limitation accommodated Plaintiff's moderate impairment in functioning." *Id.* The ALJ here provided a valid explanation.

The Third Circuit in *Hess* evaluated an ALJ's RFC analysis to hold that an RFC limitation "to jobs requiring understanding, remembering, and carrying out only simple instructions . . . was supported by a valid

explanation." *Hess*, 931 F.3d at 215. The *Hess* court found that the ALJ provided a valid explanation by reviewing and explaining that the RFC limitation was consistent with the claimant's: (1) self-reported activities of daily living; (2) progress notes from treating and examining sources; and (3) mental status examinations and reports. *Id.* at 214. Like the ALJ in *Hess*, the ALJ in this case has fully conducted a "meticulous analysis of the record," providing a detailed explanation. *Id.*

First, the ALJ reviewed Gerenza's self-reported activities of daily living, referencing Gerenza's hearing testimony. Doc. 10-2 at 16. The ALJ noted the difficulties in concentration, discussing Gerenza's ability to read for short periods, his experiences with fatigue in the morning hours, and anxiety around people. *Id.* The ALJconcluded, however, that Gerenza's self-reported limitations were "not entirely consistent with the medical evidence and other evidence in the record." *Id.* at 17.

Second, the ALJ examined progress notes from treating and examining sources, which consistently showed that Gerenza had intact memory, attention, and concentration, *see id.* at 17-20, leading the ALJ to conclude that the "record does not support extending any greater limitation . . . or support finding that the claimant would have any

Page 13 of 16

marked or extreme limitations under the paragraph B [step three] criteria." *Id.* at 21. And third, the mental status examinations and reports likewise demonstrated intact memory, attention, and concentration. *Id.* at 17 (normal speech, thought and intact memory, attention and concentration); *id.* at 18 (alert and oriented, good memory); *id.* at 19 (normal attention, alert and oriented); *id.* at 20 (attention, concentration, and memory intact).

Thus, Contrary to Gerenza's contention that the ALJ only provided "a conclusory statement" (doc. 14 at 4), the ALJ, after reviewing "all the evidence of record, including the claimant's history of inpatient hospitalizations and subsequent improvement with medication management, and the generally consistent and normal findings from outpatient mental status examinations," concluded that Gerenza can "perform unskilled work within the [RFC limitation]." Doc. 10-2 at 21. Under *Hess*, therefore, the ALJ's explanation is valid. 931 F.3d at 214-15. Granting Gerenza's requested relief, under these circumstances, would be akin to requiring the ALJ to "chant every magic word correctly," in the RFC statement of limitation. *Id.* at 200, quoting *United States v.*

*Hickman*, 991 F.2d 1110, 1115 (3d Cir. 1993). The ALJ's RFC determination is supported by substantial evidence.

**B. There is no conflict between the RFC assessment and the jobs identified by the vocational expert.**

Gerenza next argues that the ALJ's RFC limitation to "understand, retain, and carry out simple instructions," is inconsistent with the jobs the ALJ identified at step five which "all had reasoning level of 2." Doc. 11 at 16. Gerenza contends that the Dictionary of Occupational Titles defines reasoning level two as the ability to apply commonsense understanding to carry out "detailed but uninvolved written or oral instructions," which conflicts with the ALJ's RFC limitation that Gerenza could perform only simple instructions. *Id.* at 16-17. Gerenza's analysis is incorrect.

The Third Circuit has recognized that while a claimant who is limited to "very short and simple instructions" or "short and simple instructions" cannot perform jobs identified at reasoning level two, a claimant, like Gerenza, who is only limited to "simple instructions" can. *Money v. Barnhart*, 91 F. App'x 210, 215 (3d Cir. 2004) (concluding that jobs at reasoning level two does not contradict the mandate that work be simple, routine, and repetitive); *see also Lawrence v. Saul*, 941 F.3d 140,

143 (4th Cir. 2019) (finding no conflict between an RFC to carry out simple instructions and jobs that require reasoning level two). Because Gerenza is limited to "simple instructions" rather than "very short and simple" or "short and simple instructions," the jobs that the ALJ identified at step five which require reasoning level two are consistent with the RFC limitation. Substantial evidence, therefore, supports the ALJ's decision at step five.

## IV.  CONCLUSION

Accordingly, the Commissioner's decision will be **AFFIRMED**.

An appropriate order follows.

Date: January 5, 2026                    s/*Sean A. Camoni*
                                         Sean A. Camoni
                                         United States Magistrate Judge